# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Gilford Corporation | ) ASBCA No. 59734 |
| | ) |
| Under Contract No. W912DR-14-C-0019 | ) |

APPEARANCES FOR THE APPELLANT:    Charles M. Asmar, Esq.
David A. Edelstein, Esq.
  Asmar, Schor & McKenna, PLLC
  Washington, DC

APPEARANCES FOR THE GOVERNMENT:    Thomas H. Gourlay, Jr., Esq.
  Engineer Chief Trial Attorney
William J. Selinsky, Esq.
Scott C. Seufert, Esq.
David B. Jerger, Esq.
  Assistant District Counsel
  U.S. Army Engineer District, Baltimore

## OPINION BY ADMINISTRATIVE JUDGE TING

On 16 June 2014, the U.S. Army Corps of Engineers, Baltimore District, (USACE or government) awarded Contract No. W912DR-14-C-0019 (the contract) to Gilford Corporation (Gilford or appellant). The contract was for the construction of the North Post Access Control Point at Fort Belvoir, Virginia.

The contract incorporated by reference the following clauses, among others, FAR 52.249-2, TERMINATION FOR CONVENIENCE OF GOVERNMENT (FIXED-PRICE) (APR 2012) – *Alternate* I (SEP 1996), and FAR 52.249-10, DEFAULT (FIXED-PRICE CONSTRUCTION) (APR 1984).

By letter dated 12 September 2014, the USACE contracting officer terminated the contract for default for Gilford's failure to provide performance and payment bonds within the time specified in the contract. Gilford timely appealed the decision by notice dated 10 December 2014 to the Armed Services Board of Contract Appeals (ASBCA or Board). The appeal was docketed as ASBCA No. 59734.

The parties have settled their dispute and have jointly requested that the Board issue a decision incorporating the terms of their agreement as set forth in their 14 November 2016 "RULE 19(D) STIPULATION AND JOINT MOTION FOR DECISION."

In accordance with Rule 19(d) of the Rules of the ASBCA and the stipulation of the parties, it is the Board's decision, in the nature of a consent judgment, that:

1. The termination for default is converted to a no-cost termination for the convenience of the government;

2. The Board makes no (zero) monetary award to appellant; and

3. Any claim for termination costs or other costs associated with or arising out the contract by appellant is waived.


Dated: 22 November 2016

PETER D. TING
Administrative Judge
Armed Services Board
of Contract Appeals


I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59734, Appeal of Gilford Corporation, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals